UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| GELT FINANCIAL CORPORATION, | : |
| | : BANKRUPTCY NO. 11-15827 |
| DEBTOR. | : |
| | : |

INTERIM ORDER AUTHORIZING USE OF
CASH COLLATERAL AND RELATED RELIEF

AND NOW, this 3rd day of August, 2011, this matter coming to be heard on the request of Gelt Financial Corporation, Debtor-in-Possession ("Debtor"), for interim use of cash collateral, and the Court having considered the representations of counsel to the Debtor, counsel for the Lenders[1] and the Office of the United States Trustee at a hearing held on July 28, 2011, pursuant to 11 U.S.C. § 363 and Rule 4001(b)(2) of the Bankruptcy Rules, and Debtor having acknowledged and agreed that as of petition date Debtor is indebted to the Lenders in as yet to be determined amounts, it is hereby:

**ORDERED** that the Debtor's Use of Cash Collateral in accordance with this Order is hereby approved, subject to the terms of this Order and the Budget attached hereto as Exhibit "A" only through August 12, 2011 and in the amounts as authorized herein; and it is further

**ORDERED,** that as adequate protection for the use of cash collateral on a interim basis through August 12, 2011, the Lenders are hereby granted valid, binding, enforceable and perfected replacement security interests in and replacement liens on (collectively, the "Replacement Liens") all now owned or hereafter acquired property and assets of the Debtor that are similar in kind or nature to any property and assets of the Debtor, whether real or personal, tangible or intangible, wherever located, now owned or hereafter required or arising and all

---

[1] As defined in Paragraph 7 of the Debtor's Motion.

proceeds, products, rents and profits thereof, in which the Lenders were perfected pre-petition. Said Replacement Liens shall be deemed to be filed and perfected to the extent of the Lenders' pre-petition lien, without the need for filing by virtue of this Order; and it is further

**ORDERED,** that all replacement liens granted herein will attach in the same order of priority as existed pre-petition; and it is further

**ORDERED,** that the Debtor shall provide written proof of insurance and maintain insurance on all assets; and it is further

**ORDERED** that in the event Debtor defaults or violates this Order, Debtor's right to use Cash Collateral shall automatically cease until further Order of this Court; and it is further.

**ORDERED,** that the Debtor's use of cash collateral is approved in accordance with the Budget. All proceeds shall remain with the Debtor for use in operations subject to the liens of the Lenders and the budget; and it is further

**ORDERED,** that the Debtor shall pay the Lenders in accordance with the Budget; and it is further

**ORDERED,** that upon twenty four hour notice, Debtor shall permit any of the Lenders and its agents reasonable and free access to Debtor's records and place of business during normal business hours to review evaluate and appraise the physical condition of that Lender's collateral, to review and inspect financial records and audit cash receipts and disbursements. A Lender may request and Debtor shall provide periodic telephonic updates concerning the business operations and affairs of the Debtor (including without limitation proposals/bids made and contracts entered into); and it is further

**ORDERED,** that nothing contained herein shall be deemed or construed to (a) limit the Lenders to the relief granted herein: (b) bar the Lenders from seeking other and further relief

(including relief from this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of the same: or (c) require the Lenders to make any further loan or advance to the Debtor; and it is further

**ORDERED**, that nothing herein shall be deemed an admission by a secured party or a determination by the Court that (i) any particular asset is or was cash collateral, or is or was property of the estate at the time of the bankruptcy filing, and (ii) that the amount of debt and/or interest rate set forth on any exhibit to the Motion is accurate.

**ORDERED**, that a further interim hearing on the use of cash collateral shall be held on August 9, 2011 at 10:30AM and the Debtor and all parties reserve all rights as to each other on any request by the Debtor to continue to use the Lenders' cash collateral, budget items and adequate protection payments; and it is further

**ORDERED** that written notice of the above stated hearing shall be given by the Debtors to the Lenders, all secured creditors, the U.S. Trustee and any other parties filing request for notices pursuant to Rule 2002 on or before _August 4_, 2011.

BY THE COURT:

_Magdeline D. Coleman_
UNITED STATES BANKRUPTCY JUDGE

# Exhibit "A"

| Monthly Cash-Flow Projections 7-26 to 8-12 | Gelt Financial |
|---|---:|
| **Revenues** | |
| Interest Income | 58,400 |
| Rental Income | 18,871 |
| Reimburse - Legal Fees Public Savings Bank | 6,000 |
| Refund from Gelt Properties 1/2 Month | 3,500 |
| Other Income | 2,162 |
| Total Revenues | **88,933** |
| **Direct Costs:** | |
| Interest Expenses -Lending | 18,560 |
| Other Direct Costs - Real Estate Holdings | 7,271 |
| **Total Direct Costs** | **25,831** |
| **Gross Margin** | **63,102** |
| **Operational Costs** | |
| Salaries and benefits | 33,475 |
| Occupancy | 20,129 |
| **Foreclosure Costs (sheriff Fees and costs - Estimated)** | 4,000 |
| Other Expenses | 4,824 |
| **Total Operational Costs** | **62,428** |
| **Opertaional Income (Loss)** | **674** |

**Comments**

| | |
|---|---:|
| **Rents paid for all month (same for income and expenses)** | 1,258 |
| **Medical and Life insurance - for all month** | 7,661 |
| **Software Maintenance Loan Servicing Platform - all year** | 4,053 |